AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

11/29/22

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (937)367-3229

Case No. 3:22-mj-401

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ____Southern____ District of ____Ohio____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☐ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 841(a)(1) | possession with intent to distribute/distribution of controlled substances |

The application is based on these facts:
See attached affidavit of Logan Evans

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I, Brent Tabacchi, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA. See 18 U.S.C. §§ 3122(b), 3123(b).

*Applicant's signature*

Logan Evans, Deputy U.S. Marshal
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by reliable electronic means -- namely, telephone

Date: 11/29/22

City and state: Dayton, Ohio

Peter B. Silvain, Jr.
United States Magistrate Judge

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Logan Evans, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(l)(A) for information about the location of the cellular telephone assigned call number (937) 367-3229, a cellular telephone believed to be used by Kevin Grindle, whose service provider is T-Mobile USA, Inc. (T-Mobile), a wireless provider located at 4 Sylvan Way, Parsippany, NJ (hereinafter "Target Telephone"). The Target Telephone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Deputy United States Marshal with the United States Marshal Service (USMS), and have been since August 2021. I am a graduate of Basic Deputy U.S. Marshal Academy as well as the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia in August 2021. As a Deputy U.S. Marshal, I am authorized under 28 United States Code, Section 564, to enforce the laws of the United States. During my tenure with the USMS, my responsibilities include locating and apprehending federal

fugitives. Based on my experience as well as discussions with more experienced members of the USMS, I have learned how federal fugitives attempt to hide their locations from law enforcement. Through these same sources, I have learned techniques to locate and apprehend federal fugitives, including the collection of information from their social media posts that may reveal their whereabouts or individuals with whom they are contact.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that location information described in Attachment B will assist law enforcement apprehend the federal fugitive, Kevin Grindle, who is a federal fugitive on a supervised release violation.

5. All the details of the investigation are not included in this affidavit. I only have detailed information necessary to establish probable cause that evidence associated with the above listed offenses have been committed, are being committed, and will be committed by the user of the Target Telephone.

## PROBABLE CAUSE

6. During 2011, defendant Kevin Dale Grindle was convicted of a federal drug trafficking crime (*i.e.*, a violation of Title 21, United States Code, Section 841(a)(1)) in the Eastern District of Kentucky and was sentenced to imprisonment to be followed by a term of supervised release. During 2013, the Eastern District of Kentucky transferred post-release supervision of Grindle to the Southern District of Ohio, where his matter was assigned number 3:13CR136WHR.

7. Over the next almost decade, Grindle sustained various violations of his supervised release in this district, resulting in multiple extensions and/or reimpositions of his term of supervision. Grindle currently remains on active supervised release to this Court.

8.      Throughout his term of supervision, Grindle provided his contact telephone number to the United States Probation Office ("Probation Office") as the Target Telephone. During his supervision in this district, Probation Officers have spoken with Grindle at the Target Telephone number and routinely have reached him at that device. The Probation Office last spoke with Grindle at the Target Telephone number on November 23, 2022. (Notably, given interactions with Grindle, the officer was able to identify Grindle's voice).

9.      On or about November 23, 2022, the United States District Court for the Southern District of Ohio issued an arrest warrant for Grindle for a violation of his supervised release. On that day, the Probation Office called Grindle at the Target Telephone, personally spoke with him, and advised him of the outstanding arrest warrant. During the call, Grindle declined to surrender voluntarily on the arrest warrant, stating: "They (the police) better bring the entire calvary to come get him," or words to that effect. Based on the foregoing, I conclude that Grindle has knowledge of the warrant and is attempting to conceal himself from law enforcement, making him a fugitive.

10.     Law enforcement performed research concerning the Target Telephone and, consistent with the information from the Probation Office, that device is associated with Grindle. Additionally, this research indicated that the Target Telephone was currently active. I believe that Grindle still possesses the Target Telephone and that location information concerning that device will assist law enforcement locate this fugitive and serve the outstanding arrest warrant on him.

11.     Based upon my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate

information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

12. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Telephone, including by initiating a signal to determine the location of the Target Telephone on T-Mobile network or with such other reference points as may be reasonably available.

13. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Telephone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and

retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

14. Based on my training and experience, I know that T-Mobile also can collect per-call measurement data, which T-Mobile also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

16. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Telephone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

17.     I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile.  I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Telephone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

18.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Telephone outside of daytime hours.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation

Respectfully submitted,

Logan Evans, Deputy U.S. Marshal
United States Marshal Service

Subscribed and sworn to before me on November 29, 2022

Peter B. Silvain, Jr.
United States Magistrate Judge

## ATTACHMENT A
### Property to Be Searched

1. The cellular telephones assigned call number (937) 367-3229 (the "Target Telephone"), whose wireless service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ.

2. Records and information associated with the Target Telephone that is within the possession, custody, or control of T-Mobile.

## ATTACHMENT B

**Things to be Seized**

### I. Information to be Disclosed by the Provider

All information about the location of the Target Telephone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Telephone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, including per-call measurement data (also known as "real-time tool" or "RTT").

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Telephone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of the location of a person to be arrested on a federal warrant – namely, Kevin Grindle.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.